Jim HOOD and George Batzos *v.* CENTRAL BUSINESS IMPROVEMENT DISTRICT NO. 1 of the City of Pine Bluff

89-290                                            781 S.W.2d 35

Supreme Court of Arkansas
Opinion delivered December 18, 1989

*Evans Benton, P.A.*, for appellant.

*Ramsay, Cox, Bridgforth, Gilbert, Harrelson & Starling*, for appellee.

ROBERT H. DUDLEY, Justice. This is a taxpayers' suit to enjoin the appellee central improvement district from repairing and constructing sidewalks, the purpose for which it was formed. Appellants argue a number of defects in the organization of the district, but only one need be discussed.

In order to form a central business improvement district, the owners of two-thirds of the assessed value of real estate

within the proposed district must petition the city council for the creation of the district. Ark. Code Ann. § 14-184-108 (1987). After that is done, and after public notice and hearing, the city council can pass an ordinance creating the district. The appellants argue that the district was not validly created because the petition to the city council did not contain the signatures of the owners of two-thirds of the assessed value of real estate within the district. The argument is meritorious.

At the time the ordinance was passed the total assessed value of real estate in the district was $3,279,080.00, and two-thirds of that total is $2,186,053.33. The petition contained signatures representing $2,321,940.00 in assessed value, or only $135,886.67 more than necessary. We discuss only one of the purported owner's signatures since it represents $191,645.00 in assessed value, or more than enough to invalidate the organization of the district.

■ The statute requires that the name of the owner be signed to the petition. The owner's name can be signed by an agent, but only when the agent signs as an agent and the name of the owner is disclosed. *Colquitt* v. *Stevens*, 111 Ark. 314, 163 S.W. 1141 (1914). In this case, a tract having a value of $191,645.00 was owned by the Arkansas Holding Company, but the name of that company does not appear on the petition. Instead, the name of "Flake, John L. TR" is printed as owner of the tract. To the right of the trustee's name is the signature of Charles R. Reed. Thus, the name of the owner, Arkansas Holding Company, was not signed to the petition in any manner, and the assessed value of the land owned by the Arkansas Holding Company cannot be counted as part of the petition. Consequently, the district was not validly formed.

Reversed and remanded for entry of decree consistent with this opinion.

HICKMAN, PURTLE, and NEWBERN, JJ., concur.

JOHN I. PURTLE, Justice, concurring. I concur for the purpose of stating that, in my opinion, many of the signatures on the petition were improper and inadequate. I would hate to see the same mistake occur again and the case reversed when simple precautions can prevent such a waste of time.

In matters relating to the formation of improvement districts requiring the signature of the majority of the property owners, this court has spoken many times, with clarity, on the right of one person to sign for another or on behalf of a corporation. In *Ahern v. Board of Improvement Dist.No. 3 of Texarkana*, 69 Ark. 68, 61 S.W. 575 (1901), this court held that when property is held by husband and wife as tenants in common, both of them must sign to include all of the property in a district. If only one signs, only half of the value may be counted. This opinion has continued in force down through the years.

In *Gardner v. Bullard*, 241 Ark. 75, 406 S.W.2d 368 (1966), this court held that a spouse's signature on a petition was essential to her becoming a valid objector to a district where the property was held as an estate by the entirety. It could not be shown at trial that the wife had ratified the action of her husband in signing as her agent. The *Gardner* opinion flatly stated that it did not matter whether the interest of a wife was by the entirety or in common, or even whether she was a partner—the principle of requiring her signature remained the same. The *Gardner* opinion went on to point out that if a husband signed his wife's name to the petition, without her presence, she could have furnished proof at the hearing that she had ratified the signature or that it had been authorized. However, when he did not purport to sign her name, it could not be shown to have been ratified at a hearing on the contest of the formation of the district.

A lessee cannot sign for the owner of the property in the absence of some showing of agency. *Smith v. Improvement Dist. No. 14 of Texarkana*, 108 Ark. 141, 156 S.W. 455 (1913). Since the lessee cannot sign for the owner of the property, and no person can sign another person's name or corporation's name without authority, it appears to me that the names of the Platwell Properties and the properties of the two banks are not properly signed in this case. It might also be noted that if a railroad right-of-way runs across property, it is a part of the real estate and subject to assessment. *Fry v. Poe*, 175 Ark. 375, 1 S.W.2d 29 (1927).

HICKMAN and NEWBERN, JJ., join.